Dear Mayor Gaul:
On behalf of the Town Commission for the Town of Melbourne Village, you ask substantially the following questions:
 1. May a member of the town commission serve on a town committee that has purely advisory duties or ministerial duties to carry out decisions previously made by the commission?
 2. May a member of the town commission serve on a town committee that makes findings of fact regarding individual applications?
 3. May a town commissioner serve on a town committee that reviews permit applications and issues permits?
 4. Would the answer to question 3 change if the committee makes non-binding recommendations to the building official?
 5. May a town commissioner serve on a committee that has authority to grant variances from town code provisions or impose fines for code violations?
 6. If a town commissioner may serve on any of the above-mentioned committees, may another member of the commission appear before the committee at its public meeting and address an item on the committee's agenda that will foreseeably be addressed by the town commission at a subsequent meeting?
Your questions primarily relate to the prohibition against dual officeholding in section 5(a), Article II, of the Florida Constitution. That subsection provides:
"No person holding any office of emolument under any foreign government, or civil office of emolument under the United States or any other state, shall hold any office of honor or of emolument under the government of this state. No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
The Constitution does not define the terms "office" or "officer" for purposes of the dual officeholding prohibition. The Supreme Court of Florida, however, has stated:
 "The term `office' implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an `employment' does not comprehend a delegation of any part of the sovereign authority. The term `office' embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes perhaps the most decisive difference between an employment and an office. . . ."[1]
It is, therefore, the nature of the powers and duties of a particular position that determines whether it is an "office" or an "employment." Membership on the governing body of a governmental entity, such as a county or municipality, clearly constitutes an office.[2]
Article II, section 5(a), Florida Constitution, contains several exceptions to its prohibition against dual officeholding. The constitutional provision expressly states that a notary public or military officer may hold another office. In addition, any officer may be a member of a constitution revision commission or constitutional convention. Statutory bodies having only advisory powers are also exempted from the constitutional prohibition on dual officeholding. This exception frequently has been the subject of interpretation both by the courts and by the Attorney General's Office.
For example, the Supreme Court of Florida has held that a member of the State Planning Board is a state "officer" within the dual officeholding prohibition even though the members of the board were authorized to act only in an advisory capacity.[3] The Court noted that the members of the board were appointed by the Governor, served a fixed term of office, performed duties imposed upon them by statute and were authorized to "expend public funds appropriated for that purpose in the discharge of [their] duties, exercising [their] own discretion in that regard."[4]
Thus, the Court concluded that powers and attributes of sovereignty had been "delegated to or reposed in the State Planning Board."
Similarly, this office in Attorney General Opinion 76-241 concluded that membership on the Florida Human Relations Commission was an office because the commission was not a statutory body possessing only advisory powers. The opinion was based upon an examination of the powers of the commission, which included, the right to, among other things, to accept either public or private money to help finance its activities; to recommend measures to eliminate discrimination; to receive, initiate, investigate, hold hearings on, and pass upon complaints alleging discrimination; to render, at least annually, a comprehensive written report to the Governor and Legislature; and to adopt, amend and rescind rules to effectuate the purposes of the act. Since the commission was authorized to exercise powers associated with those of an office, it could not be characterized as purely an advisory body.[5]
In Attorney General Opinions 89-25 and 90-33, however, this office found that local planning and zoning commissions possessing the power to grant variances that are approved without review or that are final unless appealed to the county commission did not fall within the exception for advisory bodies. As noted in those opinions, only those statutory bodies possessing advisory powers are excepted; Article II, section 5(a), Florida Constitution, does not provide for or recognize an exception for statutory bodies whose powers are substantially or predominately advisory.
In light of the discussion above, a member of the town commission may serve on a town committee that has purely advisory duties or ministerial duties to carry out decisions previously made by the commission. The latter would appear to be more in the nature of an employment, since exercising ministerial duties would not rise to the level of exercising a sovereign power or independent authority of a governmental nature. However, town committees that are given the authority to make factual determinations, review permit applications, issue permits, grant variances, or impose fines exercise sovereign powers that would make them offices for purposes of the dual officeholding prohibition.
In situations where a committee merely makes non-binding recommendations and has not otherwise been delegated any powers to make factual determinations or exercise any portion of the municipality's sovereign power, there would not appear to be an office subject to the dual officeholding prohibition.[6]
Your final question relates to the application of the Government in the Sunshine Law, section 286.011, Florida Statutes, to public meetings of boards or committees where a town commissioner serves on a board or committee and another member of the town commission may address the entity on a matter that foreseeably may come before the town commission for action. The question arises, therefore, as to whether the presence of two town commissioners at the public meeting of the board or committee constitutes a meeting of the town commission for which reasonable notice must be given and minutes taken.
You state that all committees referenced in Questions 1-6 conduct business only at duly noticed open public meetings. The requirements of the Government in the Sunshine Law are that: (1) meetings of public boards or commissions must be open to the public; (2) reasonable notice of such meetings must be given; and (3) minutes of the meetings must be taken.[7]
In Attorney General Opinion 2000-68, this office was asked whether it was a violation of section 286.011, Florida Statutes, for elected city commissioners to attend other city board meetings and comment on agenda items that may subsequently come before the commission for final action. The opinion noted that application of the statute is not limited to meetings at which final, formal actions are taken, but rather it covers any gathering of members where they address some matter on which foreseeable action will be taken by the board. It was concluded that the commissioners could attend such a public meeting and offer comments, as long as they did not engage in a discussion or debate about the issues among themselves.
In Attorney General Opinion 98-79, this office considered whether a city commissioner or a group of commissioners could attend a community board meeting and express their views on a proposed ordinance that had been referred by the city commission to the community development board for a recommendation. The city commissioners were interested in attending the meeting at which the community development board considered the ordinance in order to express their support or opposition to the ordinance. Based on a review of previously issued court opinions and Attorney General Opinions, the opinion concluded:
 "[A] city commissioner may attend a community development board meeting and express his or her views on a proposed ordinance even though other city commissioners may be in attendance. However, the city commissioners attending such meeting should be cautioned not to engage in debate or discussion with each other. The adoption of the ordinance is a responsibility resting with the city commission, and the city commission's discussions and deliberations on the proposed ordinance must occur at a duly noticed city commission meeting. Moreover, if the community development board has been advised of the city commission members' intention to speak on the proposed ordinance, it may be advisable for the board, in noticing its meeting, to include notice of the possible attendance and participation of city commission members."
Based on the reasoning of the opinions discussed above, it is my opinion that it is not a violation of the Government in the Sunshine Law for town commissioners to attend the public meetings of other city boards or committees and comment on agenda items that may come before the town commission for official action. However, the city commissioners in attendance at such meetings may not engage in a discussion or debate about these issues among themselves. Moreover, as noted in the opinions cited above, it may be advisable for such boards or committees to include in the notice of their public meetings that members of the town commission will be in attendance.
Sincerely,
 Charlie Crist Attorney General
CC/tals
[1] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919). Andsee State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[2] See Ops. Att'y Gen. Fla. 72-348 (1972) and 74-73 (1974), respectively.
[3] Advisory Opinion to Governor, 1 So. 2d 636 (Fla. 1941).
[4] Id., at 638.
[5] For other examples where this exception has been applied, see Ops. Att'y Gen. Fla. 72-179 (1972) (legislator may serve as member of ad hoc charter revision commission appointed by municipal governing body to serve in a purely advisory capacity to study and recommend changes in municipal charter); 73-288 (1973) (municipal zoning board having only advisory powers may serve as county tax collector); 74-232 (1974) (town council member may serve on advisory county planning commission); 77-74 (1977) (powers exercised by Florida Advisory Council member are advisory and as such are excluded from constitutional dual officeholding prohibition); 78-36 (1978) (member of board of trustees of county public health trust may serve on board of business regulation); 86-105 (1986) (local planning agency whose function is information gathering and advising local government entity falls within exception to dual officeholding prohibition).
[6] This office makes no comment as to any issues that may arise under Part III, Ch. 112, Fla. Stat., the Code of Ethics for Public Officers and Employees. Questions regarding such matters should be addressed to the Florida Commission on Ethics, Ms. Bonnie J. Williams, Executive Director, P.O. Drawer 15709, Tallahassee, FL 32317-5709; phone: 850/488-7864; fax: 850/488-3077; internet: http://www.ethics.state.fl.us/
[7] See s. 286.011(1)-(2), Fla. Stat.